116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan GAYTAN-MARTINEZ, Defendant-Appellant.
 No. 96-10058.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
June 23, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-95-00336-RMB; Richard M. Bilby, Chief Judge, Presiding. Argued and Submitted June 13, 1997 San Francisco, California
 Before GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Gaytan-Martinez ("Defendant") entered a conditional guilty plea to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, Defendant reserved the right to appeal the district court's denial of his motion to suppress 512 pounds of marijuana found in his vehicle by Border Patrol agents. On appeal, Defendant contends that the district court erred by denying his motion because the agents lacked reasonable suspicion to conduct the stop. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The parties are familiar with the facts of this case, so we do not repeat them here. We review de nova a district court's determination of reasonable suspicion justifying an investigatory stop. Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996). Reasonable suspicion must consist of "specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity." United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989) (citing United States v. Cortez, 449 U.S. 411, 416-418 (1981)). In analyzing whether a given set of facts established reasonable suspicion, we must consider the totality of circumstances surrounding the investigatory stop of Defendant's vehicle. Cortez, 449 U.S. at 417. Facts are to be interpreted in the light of a trained officer's experience, but permissible deductions or rational inferences must be grounded in objective facts and be capable of rational explanation. Hernandez-Alvarado, 891 F.2d at 1416.
 
 
 4
 In light of the above principles, we conclude that the facts in this case "describe behavior that should excite the suspicion of a trained border patrol agent that criminal activity is afoot." United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992), amended, 997 F.2d 1306 (9th Cir.1993). The following facts gave rise to reasonable suspicion:
 
 
 5
 Agents spotted three men and six horses 20-30 feet from the border, "trying to hide" under some trees;
 
 
 6
 The riders had in tow three horses carrying empty sacks;
 
 
 7
 The area was a known smuggling route from Mexico to the U.S., with an often-present break in the three-strand barbwire border fence;
 
 
 8
 Defendant's Bronco was seen travelling north on Summit Motorway, a rough road that dead-ends at this area of the border;
 
 
 9
 Defendant's vehicle was the only vehicle agents saw on Summit Motorway; and
 
 
 10
 Defendant's Bronco was registered out of the area.
 
 
 11
 Viewing these facts, not in isolation, but in their totality, compels us to conclude that the agents had reasonable suspicion to stop Defendant's vehicle. The district court's denial of Defendant's motion to suppress is therefore affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3